CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 30 2018

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAMONT OSHEA DOUGLAS, | ) | Civil Action No. 7:17-cv-00279 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Lamont Oshea Douglas, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the Virginia Department of Corrections ("VDOC") and two of its officials. Plaintiff complains that he was erroneously deemed ineligible for discretionary parole. The parties filed motions for summary judgment, and this matter is ripe for disposition. After reviewing the record, I grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment because the action is time barred.

I.

Plaintiff committed most of the crimes for which he is incarcerated in January 1992. His first sentence of fifteen years' imprisonment was entered in 1993, and by 1995, he would ultimately be sentenced to decades of imprisonment.

Plaintiff became a VDOC offender on October 22, 1993. Notably, the VDOC determined on August 23, 1995, that Plaintiff is ineligible for discretionary parole pursuant to Virginia Code § 53.1-151(B1).[1] The VDOC first notified him of his ineligibility for discretionary parole via the Legal Update issued on August 29, 1995. There is no record that Plaintiff appealed the VDOC's decision to the Virginia Parole Board.

---

[1] Nonetheless, Plaintiff' anticipated mandatory parole release date is August 18, 2059, and his anticipated good time release date is January 3, 2060.

## II.

The parties filed cross-motions for summary judgment. A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing admissible evidence and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the admissible evidence as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

## III.

Defendants argue, inter alia, that the statute of limitations bars this action. Section 1983 adopts the statute of limitations that the forum state uses for general personal injury cases. Owens v. Okure, 488 U.S. 235, 249-50 (1989). Virginia's applicable statute of limitations for § 1983 actions is two years and may be tolled. See Va. Code §§ 8.01-229, 8.01-243(A).

However, federal law itself governs the question of when a cause of action accrues. Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). A federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff "can file suit and obtain relief." Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997).

The VDOC determined in 1995 that Plaintiff was ineligible for discretionary parole pursuant to § 53.1-151(B1). Consequently, Plaintiff's present claim predicated on the finding that he was ineligible for discretionary parole accrued in 1995. See Richards v. Muse, No. 1:13cv1472, 2015 U.S. Dist. LEXIS 24097, at *6-13, 2015 WL 853886, at *4-5 (E.D. Va. Feb. 24, 2015) (holding that an inmate's causes of action against VDOC and the Virginia Parole Board accrued when those agencies notified him that he had been found to be ineligible for discretionary parole), aff'd, 611 F. App'x 787 (4th Cir. 2015). Plaintiff did not file this lawsuit until over twenty years after it accrued.

Plaintiff argues that Defendants should be equitably estopped from arguing the limitations defense "due to obstruction and fraud by concealing the potential cause of action." Plaintiff baldly asserts that "[a] material fact was falsely represented the hearing [sic] conducted by the VDOC was not to determine parole ineligibility." Plaintiff's argument has no merit. The pertinent Legal Update issued in 1995 clearly states on the seventh line of content, "NOT ELIGIBLE FOR DISCRETIONARY PAROLE (53.1-151-B)[,]" and the second page of the Update notes that this determination was made on August 23, 1995. These details are the same as in the Legal Update issued in 2017, which is purportedly when Plaintiff first acknowledged the determination. Plaintiff fails to establish that any defendant intended to conceal the discovery of the cause of action by an affirmative act or misrepresentation or that any tolling of

3

the limitations period applies. See, e.g., Newman v. Walker, 270 Va. 291, 297-99, 618 S.E.2d 336, 340 (2005). Accordingly, the statute of limitations bars this action, and Defendants are entitled to summary judgment.

IV.

For the foregoing reasons, I grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment.

**ENTER:** This 30th day of May, 2018.

Senior United States District Judge